# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 09-426V
April 8, 2013
To be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVID A. BROWN, | * | |
| | * | |
| Petitioner, | * | Final Application for Attorneys' Fees and |
| | * | Costs; Reasonable Hours |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lisa A. Roquemore, Irvine, CA, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 29, 2009, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that flu vaccine caused his acute disseminated encephalomyelitis ("ADEM"). The undersigned held an entitlement hearing on September 1 and 2, 2010, and November 4, 2010. On September 30, 2011, the undersigned issued a ruling on entitlement in favor of petitioner. Petitioner filed an application for interim attorneys' fees and costs on November 16, 2011. On February 29, 2012, the undersigned issued a decision awarding interim fees and costs ("Decision") in the amount of $229,829.68 for attorneys' fees and costs and $8,128.85 for petitioner's costs. The case proceeded to damages and respondent filed a proffer on October 3, 2012. The undersigned issued a damages decision on October 4, 2012.

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## I. Procedural History of Petitioner's Final Fee Application

On January 4, 2013, petitioner filed a final application for attorneys' fees and costs ("Fee App.").[2] On January 28, 2013, respondent filed her response to petitioner's application for attorneys' fees and costs ("Opp'n"). On February 1, 2013, petitioner filed a reply to respondent's response ("Reply").[3] On March 28, 2013, petitioner filed a supplemental declaration from Liz Holakiewicz ("Supp. Decl."), petitioner's life care planner, in support of petitioner's fee request.[4] On April 5, 2013, respondent's counsel informed the undersigned's law clerk that respondent would not file an additional response to petitioner's supplemental declaration from Ms. Holakiewicz.

In his January 4, 2013 application for attorneys' fees and costs, petitioner requests $70,887.70, comprised of $70,597.00 in attorneys' fees and $290.70 in costs for the period of October 1, 2011 through January 4, 2013. Petitioner requests expert fees and costs for petitioner's life care planner, Ms. Holakiewicz, in the amount of $43,878.14 for the period of October 12, 2011 through September 13, 2012. Petitioner also requests his own unreimbursed litigation costs of $2,400.00. Fee App. 2.

---

[2] With his fee application, petitioner filed twelve exhibits in support of his request. See Fee App., Ex. 1 (CV of petitioner's counsel, Lisa A. Roquemore); Fee App., Ex. 2 (counsel's billing invoices); Fee App., Ex. 3 (declaration of petitioner and petitioner's counsel); Fee App., Ex. 4 (firm costs); Fee App., Ex. 5 (petitioner's costs); Fee App., Ex. 6 (CV of petitioner's life care planner, Liz Holakiewicz); Fee App., Ex. 7 (Ms. Holakiewicz's U.S. Department of Justice contracts for life care planning services); Fee App., Ex. 8 (CV of life care planner Laura Burchell-Henson); Fee App., Ex. 9 (CV of life care planner Linda Olzack); Fee App., Ex. 10 (CV of life care planner Tracy Albee); Fee App., Ex. 11 (CV and fee schedule of life care planner Anne Barnes); Fee App., Ex. 12 (Ms. Holakiewicz's billing invoices).

[3] With his reply, petitioner filed fifteen additional exhibits in support of his fee request. See Fee App., Ex. 13 (information regarding California Proposition 30); Fee App., Ex. 14 (decision on fees and costs in Broekelschen v. Sec'y of HHS); Fee App., Ex. 15 (law firm billing chart and bankruptcy hourly fee rate survey); Fee App., Ex.16 (debtor's application to substitute counsel in the U.S. Bankruptcy Court for the Central District of California, which includes counsel's hourly rates); Fee App., Ex. 17 (unpublished decision on fees and costs and billing invoices from Castagna v. Sec'y of HHS); Fee App., Ex. 18 (unpublished decision on fees and costs and billing invoices from Adams v. Sec'y of HHS); Fee App., Ex. 19 (analysis of counsel's discussions with life care planner); Fee App., Ex. 20 (analysis of counsel's client communication); Fee App., Ex. 21 (petitioner's life care plan and Ms. Holakiewicz's invoices); Fee App., Ex. 22 (articles regarding Medicare depletion); Fee App., Ex. 23 (Ms. Holakiewicz's billing invoices from Castagna v. Sec'y of HHS); Fee App., Ex. 24 (petitioner's application for fees and costs and Ms. Holakiewicz's billing invoices in Hawkins v. Sec'y of HHS); Fee App., Ex. 25 (Ms. Holakiewicz's billing invoices from Adams v. Sec'y of HHS); Fee App., Ex. 26 (Ms. Holakiewicz's revised billing invoices); Fee App., Ex. 27 (counsel's billing invoices for January and February 2013).

[4] With Ms. Holakiewicz's supplemental declaration, petitioner filed two additional exhibits in support of his fee request. See Fee App., Ex. 29 (two U.S. Department of Justice contracts for life care planning services); Fee App., Ex. 30 (fee schedule for life care planner Anne Barnes).

In petitioner's February 1, 2013 reply, petitioner requests $11,368.50 in attorneys' fees for the period of January 5, 2013 through February 1, 2013. Reply 26. Petitioner requests a total of $128,534.34 for fees and costs.

## II. Awarding Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa–15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. Id. Good faith and reasonable basis are presumed when a petitioner prevails, as petitioner did in the instant case. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

## III. Analysis

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine "reasonable attorneys' fees" and costs under the Act. Avera v. Sec'y of HHS, 515 F.3d 1343, 1347 (Fed. Cir. 2008). The lodestar approach involves a two-step process. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Secondly, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Avera, 515 F.3d at 1348.

#### 1. Ms. Roquemore's Hourly Rate

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citation and quotation omitted). In Avera, the Federal Circuit found that in Vaccine Act cases, a court should use the forum rate, i.e., the District of Columbia rate, in determining an award of attorneys' fees. Id. at 1349. At the same time, the court adopted the Davis County exception to prevent windfalls to attorneys who work in less expensive legal markets. Id. (citing Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755 (D.C. Cir. 1999)). In cases where the bulk of the work is completed outside the District of Columbia and there is a "*very significant* difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates. Id. (finding the market rate in Cheyenne, WY, to be very significantly lower than the market rate in Washington, DC).

Petitioner submits that his counsel should be compensated at a rate of $355.00 per hour. Fee App. 5. Respondent objects to petitioner's counsel's hourly rate of $355.00 as excessive.

Opp'n 3. Respondent recognizes, however, that the undersigned found petitioner's counsel's rate of $355.00 per hour reasonable in the instant case in the decision awarding interim fees and costs. See Decision 3.

Petitioner's counsel refers to the high cost of living and recent tax increases in California, where she practices, as considerations for her hourly rate. Petitioner's counsel also compares her vaccine rate to her higher local litigation rate for Orange County, California. Reply 3. However, under the Federal Circuit's holding in Avera, petitioner's counsel receives the forum rate rather than the local geographic rate. Avera, 515 F.3d at 1348-49. The forum is the District of Columbia. The forum rate applies whenever the counsel's geographic hourly rate is not very significantly below the forum hourly rate. See id. at 1349 (citing Davis County, 169 F.3d at 758). The hourly rate for attorneys working in Orange County, California is not very significantly below the forum rate. As such, the forum rate applies in this case.

In Rodriguez v. Secretary of Health and Human Services, 632 F.3d 1381, 1383 (Fed. Cir. 2011), the Federal Circuit affirmed the special master's awarding petitioners' counsel an hourly rate of $335.00 for attorneys' fees in 2009. In the current case, petitioner's counsel's requested hourly rate of $355.00 is reasonable in the context of Rodriguez and the February 29, 2012 decision awarding interim fees and costs.

The paralegal hourly rate of $125.00 is also reasonable. The undersigned previously found petitioner's counsel's paralegal's rate of $125.00 per hour reasonable in the instant case in the decision awarding interim fees and costs. Decision 4. See also Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 723 (2011) (affirming, inter alia, an award of $340.00 per hour to petitioner's counsel and $125.00 per hour to counsel's paralegal).

## 2. Reasonable Hours Expended

The lodestar approach requires that the reasonable hourly rate be multiplied by the number of hours "reasonably expended on the litigation." Avera, 515 F.3d at 1347-48 (quotation and citation omitted). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin ex rel. Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 315-18 (Fed. Cl. 2008). Counsel must not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1521. Furthermore, the special master may reduce hours sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009).

Respondent, in her opposition, is critical of the number of hours petitioner's counsel billed for her work and objects to some particular billing items. Petitioner's counsel has been criticized in other cases for billing an excessive number of hours. In Torday v. Secretary of Health and Human Services, former Special Master Golkiewicz wrote, "Ms. Roquemore spends

4

far greater hours than her contemporaries handling her cases." Torday, No. 07-372V, 2011 WL 2680687, at *3 (Fed. Cl. Spec. Mstr. Apr. 7, 2011). Former Special Master Golkiewicz concluded, "It is clear that counsel crossed the line in some instances in this case." Id. After reviewing petitioner's counsel's billing entries in the instant case, the undersigned agrees that the hours counsel billed in some instances are excessive and unreasonable. The undersigned will address respondent's objections sequentially.

### a. Research Tasks

Respondent objects to petitioner's counsel billing for time spent talking to other vaccine attorneys and listening to oral arguments in Heinzelman v. Secretary of Health and Human Services. Opp'n 5-6; see Fee App., Ex. 2 at 27. Petitioner's counsel billed 0.5 hours on April 11, 2012 and 0.6 hours on April 13, 2012 for speaking with the attorney for petitioner in Heinzelman. Id. at 28. Counsel also billed 0.6 hours reading the briefs in that case, id., and one hour for reading the Federal Circuit decision on June 14, 2012, id. at 37. Petitioner explains that this research and communication was necessary "to try to discern which direction the Federal Circuit might go in order to strategically decide whether to wait for the Federal Circuit's decision or proceed forward without it." Reply 18. The undersigned recognizes that the Federal Circuit's binding decision in Heinzelman was important to petitioner due to the SSDI offset issue. Therefore, reading the case briefs and reviewing the Federal Circuit's decision were reasonable. However, petitioner's counsel's 1.1 hours of speculative conversation with petitioner's counsel in Heinzelman about when the decision would be issued and attempts to determine exactly what the Federal Circuit might hold, see id., were not reasonable. As such, the undersigned **reduces** petitioner's counsel's fees by **$390.50**.

Respondent objects to petitioner's counsel's billing for researching an argument that payments Medicare made should not be offset from the vaccine award because the Medicare Trust Fund may be due to run out of money in 2024. Opp'n 6. Petitioner billed 0.1 hours on April 23, 2012, one hour on April 24, 2012, 0.9 hours on April 25, 2012, 1.5 hours on April 30, 2012, 0.8 hours on May 1, 2012, 0.3 hours on May 2, 2012, 0.6 hours on June 11, 2012, 0.2 hours on July 17, 2012, 0.4 hours on July 19, 2012, and 0.8 hours on July 27, 2012 for entries regarding Medicare offsets. See Fee App., Ex. 2 at 28, 29, 30, 31, 36, 41, 42. Respondent asserts that this Medicare argument is meritless and is "directly contradicted by the Act." Opp'n 6. Petitioner replies that Medicare is on an unsustainable path and petitioner has a lifetime of health-related needs that must be addressed due to his vaccine injury. Reply 19. Petitioner's line of inquiry is speculative and at odds with the text of the Vaccine Act. 42 U.S.C. § 300aa–15(g) provides that compensation under the Vaccine Program "shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service . . . under any Federal or State health benefits program (other than under Title XIX of the Social Security Act)." Medicare is a federal health benefits program from which petitioner can reasonably expect payment for his medical services. The 6.6 hours petitioner's counsel billed related to the argument that payments Medicare made should not be offset from the vaccine award are unreasonable. Accordingly, petitioner's fee award is **reduced** by **$2,343.00**.

### b. Fees for Fees

Respondent objects to petitioner's billing an additional 31.1 hours for work on the application for interim attorneys' fees and costs and 14.6 hours for work preparing the final application for attorneys' fees and costs. Respondent argues that this amount of time is excessive and "should be substantially reduced." Opp'n 5. Petitioner responds that 31.1 hours of work was necessary to defend against respondent's numerous objections to the billing of petitioner's counsel and petitioner's expert. Reply 8-9. The undersigned previously found in the decision awarding interim fees and costs that "[a] reasonable amount of time to prepare the fee application is two days or 16 hours." Decision 8. Accordingly, the 14.6 hours petitioner's counsel spent preparing the final application for attorneys' fees and costs are reasonable. However, billing 31.1 hours to respond to objections to a fee application is excessive, particularly when petitioner's counsel's fees were substantially reduced. The undersigned finds, based on her experience, that twenty-four hours is a reasonable amount of time for counsel to respond to respondent's objections to fees and costs in the instant case. As such, petitioner's fee request is **reduced** by 7.1 hours at the hourly rate of $355.00, or **$2,520.50**. Petitioner's counsel expended fewer than twenty-four hours, which the undersigned finds reasonable, responding to respondent's opposition to the final fee application. See Fee App., Ex. 27 at 284-86.

### c. Communications with Petitioner's Life Care Planner

Respondent objects to the more than thirty-six hours billed for phone conferences and email exchanges between petitioner's counsel and Liz Holakiewicz, petitioner's life care planner. Opp'n 5. Respondent agrees that "some communication between counsel and petitioner's life care planner is understandable," but argues the contact in this case "is excessive and should be reduced." Id. Petitioner's counsel responds that her conversations with Ms. Holakiewicz "included discussions about various strategies, questions pertaining to various issues, dealing with legal issues raised by Respondent's life care planner, obtaining various documents . . . , and how various issues could be resolved pertaining to the life care plan in the best interest of my client, Mr. Brown." Reply 13-14. In Torday, former Special Master Golkiewicz explained that "counsel plays a role in the life care plan process, albeit a minor role, and must stay informed." Torday, No. 07-372V, 2011 WL 2680687, at *8. Former Special Master Golkiewicz found ten hours of counsel's communication and participation in the life care planning process reasonable but denied reimbursement for Ms. Roquemore's additional eight hours of communication. Id. He "emphasized that with an experienced life care planner, there is no need for extensive attorney involvement," id. at *9, and found approximately 44.4% of counsel's fee request for communication with Ms. Holakiewicz unreasonable, id. at *8. In this case, involving the same petitioner's counsel and life care planner, petitioner billed at $355.00 per hour for thirty-six hours of phone conferences and email exchanges between petitioner's counsel and life care planner. The undersigned finds this amount of time to be excessive and reduces it by approximately 44.4% to 20 hours. Accordingly, the undersigned **reduces** petitioner's counsel's fees by **$5,680.00**.

6

### d. Communications with Petitioner's Wife and Mother-in-Law

Respondent objects to the approximately thirty-two hours petitioner's counsel billed for communication with petitioner's wife and mother-in-law during the damages phase of this case. Opp'n 5. Petitioner's counsel explains that she communicated with petitioner's wife and mother-in-law because of petitioner's speech issues, which make it "difficult if not impossible to understand him." Reply 14. Petitioner points out that thirty-two hours of communication over fifteen months is only about 2.1 hours per month of client communication in a case that involved several damages issues. Reply 14. Petitioner also cites Torday, No. 07-372V, 2011 WL 2680687, at *9, in which former Special Master Golkiewicz approved twenty hours of client communication over eleven months. Reply 15. The undersigned finds that petitioner's counsel's hours billed for communication with petitioner's wife and mother-in-law during the damages phase of this case are reasonable. In addition, the substance of the client discussions was appropriate for petitioner's counsel to bill at an attorney rate. See Fee App., Ex. 20 (explaining counsel's client discussion subjects including tax information, Social Security benefits, home modifications, and lost wages analysis).

### e. Time Spent Reviewing the Case File

Respondent objects to petitioner's counsel's billing entries for "reviewing" the file, contending that this practice was "specifically disallowed with respect to the interim fee petition." Opp'n 5. Petitioner's counsel responds that it is reasonable and necessary for counsel to review a case and determine what needs to be done in order to ensure the case proceeds appropriately and in a timely fashion. Reply 16. In the decision awarding interim fees and costs, the undersigned found it unreasonable for petitioner's counsel to bill for a general review of the file. Decision 11. The undersigned again considers the generalized entries in which petitioner's counsel billed for "review file regarding status . . .," see e.g., Fee App., Ex. 2, at 10, to be unreasonable. It is difficult to comprehend why counsel billed for a general review of the case file at the start of each month when she was actively involved in the case. Accordingly, the undersigned deducts for the following entries: 0.2 hours (11/1/2011), 0.1 hours (11/7/2011), 0.4 hours (1/2/2012), 0.2 hours (2/1/2012), 0.3 hours (7/2/2012), and 0.2 hours (8/1/2012). This amounts to a total **reduction** in the award of **$497.00**, or 1.4 hours at $355 per hour.

## B. Reasonable Costs

Both attorneys' fees and costs must be reasonable. See Perreira, 27 Fed. Cl. at 34 ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Using reasonableness as the standard, the undersigned will address respondent's objections to costs incurred by petitioner.

### 1. Ms. Holakiewicz's Hourly Rate

Respondent objects to life care planner Liz Holakiewicz's hourly rate of $225.00 and

suggests that she be compensated at the hourly rate of $200.00, which the special master awarded in <u>Torday</u>. Opp'n 7. In 2011, Special Master Golkiewicz approved Ms. Holakiewicz's rate of $200.00. <u>Torday</u>, No. 07-372V, 2011 WL 2680687, at *9. Respondent claims that a 12% increase in Ms. Holakiewicz's rate is unjustified. Opp'n 7. Petitioner responds that Ms. Holakiewicz's hourly rate of $225.00 is reasonable given her credentials as a certified nurse life care planner and more than twenty-five years of experience. Reply 21-23. Ms. Holakiewicz also has contracts with the United State Attorney's Office for the Southern District of California to do life care planning. <u>See</u> Fee App., Exs. 7, 29. In those cases, she bills $225.00 per hour for preparation of the life care plan, similar to what she does in Vaccine Program cases, and $350.00 per hour for deposition and trial testimony. Reply 22. Ms. Holakiewicz did not attempt to bill at $350.00 in this case, which would be unreasonable in the Vaccine Program. The undersigned finds that Ms. Holakiewicz's hourly rate of $225.00 is reasonable given her more than twenty-five years of experience and credentials.

### 2. Ms. Holakiewicz's Number of Hours Billed

Petitioner requests reimbursement for $43,878.14 in fees and costs for Ms. Holakiewicz. Fee App. 2. Respondent noted a significant error in Ms. Holakiewicz's bill that resulted in a request for an extra $2,225.50 in fees. Opp'n 8. Petitioner acknowledges that Ms. Holakiewicz mistakenly billed for ten hours rather than 0.1 hours on the December 28, 2011 invoice. Reply 25. Ms. Holakiewicz re-reviewed the entire invoice and found additional errors and reductions. Based on Ms. Holakiewicz's re-review of the original invoice, petitioner filed a new invoice as Fee Application, Exhibit 26. In the new invoice, Ms. Holakiewicz reduces her total number of hours billed and requests $38,210.64. Fee App., Ex. 26. The undersigned finds this corrected and reduced amount reasonable given the complexity of the instant case and the fact that Ms. Holakiewicz previously incurred costs of $45,951.69 for her life care plan in <u>Castagna v. Secretary of Health and Human Services</u>, <u>see</u> Fee App., Ex. 23, $40,371.64 for her life care plan in <u>Hawkins v. Secretary of Health and Human Services</u>, <u>see</u> Fee App., Ex. 24, and $57,540.32 for her life care plan in <u>Adams v. Secretary of Health and Human Services</u>, <u>see</u> Fee App., Ex. 25.

Respondent objects to any billing for a second life care planner, Ann Zimmer. Opp'n 8. Petitioner's counsel asserts that Ms. Zimmer assisted Ms. Holakiewicz to obtain vaccine-related experience and did not bill separately for that time. Reply 25-26. As such, Ms. Holakiewicz's fee request in this case is not affected by Ms. Zimmer.

Based on Ms. Holakiewicz's previous experience and the corrections to her invoices in this case, the undersigned finds her reduced **$38,210.64** fee request to be reasonable.

### 3. Additional Costs

Petitioner requests reimbursement for his own unreimbursed costs in the amount of $2,400.00. Fee App. 2; <u>see</u> Fee App., Ex. 5 (containing evidence that petitioner paid $2,100.00 to Dr. Joel S. Rosen and a filing that indicates petitioner paid $300.00 to obtain medical records). Respondent does not object to any of petitioner's unreimbursed costs in her response

to petitioner's application for attorneys' fees and costs. The undersigned finds petitioner's $2,400.00 in unreimbursed litigation costs to be reasonable.

Petitioner requests reimbursement of $290.70 in costs incurred by petitioner's counsel. Fee App. 8; see Fee App., Ex. 4 (listing petitioner's counsel's costs in this case). Respondent does not object to any of petitioner's counsel's unreimbursed costs in her response to petitioner's application for attorneys' fees and costs, and the undersigned finds them to be reasonable.

## IV. Petitioner's Counsel's Request for Hearing

Petitioner's counsel and life care planner requested a recorded hearing prior to the undersigned issuing a decision on final fees and costs to allow for "due process" and an opportunity to explain further the reasonableness of their fees. Reply 27. Petitioner's counsel was given the opportunity in the reply brief to respondent's response to respond to respondent's objections and fully explain the reasonableness of petitioner's fee application. Petitioner's counsel did so in an extensive twenty-seven page reply that she filed with fifteen additional exhibits. See Reply; Fee App., Exs. 13-27. Petitioner also supplemented the reply brief with the supplemental declaration of Ms. Holakiewicz, which included two additional exhibits. See Supp. Decl.; Fee App., Exs. 29-30. The undersigned does not require additional information or testimony regarding petitioner's fee application to render an informed decision. Petitioner's motion for a recorded hearing is hereby **DENIED.**

## V. Conclusion

In sum, the following tables contain the amounts of attorneys' fees and costs and petitioner's costs that the undersigned awards petitioner:

| Table A: Attorneys' Fees and Costs | |
|---|---|
| Attorneys' Fees Requested | $81,965.50 |
| Reductions | −$11,431.00 |
| **Attorneys' Fees Awarded** | **$70,534.50** |
| | |
| **Attorneys' Costs Awarded** | **$290.70** |
| | |
| Fees & Costs Requested for Life Care Planner | $43,878.14 |
| Reductions | −$5,667.50 |

9

| | |
|---|---|
| **Fees & Costs Awarded for Life Care Planner** | $38,210.64 |
| | |
| **Total Attorneys' Fees and Costs Awarded** | $109,035.84 |

| Table B: Petitioner's Costs | |
|---|---|
| **Petitioner's Costs Awarded** | $2,400.00 |

The undersigned finds the amounts to be reasonable and awards petitioner the following in attorneys' fees and costs:

a. **$109,035.84**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the Law Offices of Lisa A. Roquemore, in the amount of **$109,035.84**; and

b. **$2,400.00**, representing reimbursement for petitioner's costs. The award shall be in the form of a check for **$2,400.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

Dated: April 8, 2013                                                    s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.