# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 09-426V
May 6, 2013
To be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVID A. BROWN, | * | |
| | * | |
| Petitioner, | * | Final Application for Attorneys' Fees and |
| | * | Costs; Reasonable Hours; Supplemental |
| v. | * | Decision |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lisa A. Roquemore, Irvine, CA, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

### SUPPLEMENTAL DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 29, 2009, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that flu vaccine caused his acute disseminated encephalomyelitis ("ADEM"). The undersigned held an entitlement hearing on September 1 and 2, 2010, and November 4, 2010. On September 30, 2011, the undersigned issued a ruling on entitlement in favor of petitioner. Petitioner filed an application for interim attorneys' fees and costs on November 16, 2011. On February 29, 2012, the undersigned issued a decision awarding interim fees and costs in the amount of $229,829.68 for attorneys' fees and costs and $8,128.85 for petitioner's costs. The case proceeded to damages and respondent filed a proffer on October 3, 2012. The undersigned issued a damages decision on October 4, 2012.

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## I. Procedural History of Attorneys' Fees and Costs

On January 4, 2013, petitioner filed a final application for attorneys' fees and costs ("Fee App."). On January 28, 2013, respondent filed her response to petitioner's application for attorneys' fees and costs. On February 1, 2013, petitioner filed a reply to respondent's response. On March 28, 2013, petitioner filed a supplemental declaration from Liz Holakiewicz, petitioner's life care planner, in support of petitioner's fee request. On April 5, 2013, respondent's counsel informed the undersigned's law clerk that respondent would not file an additional response to petitioner's supplemental declaration from Ms. Holakiewicz.

In his January 4, 2013 application for attorneys' fees and costs, petitioner requested $70,887.70, comprised of $70,597.00 in attorneys' fees and $290.70 in costs for the period of October 1, 2011 through January 4, 2013. Petitioner requested expert fees and costs for petitioner's life care planner, Ms. Holakiewicz, in the amount of $43,878.14 for the period of October 12, 2011 through September 13, 2012. Petitioner also requested his own unreimbursed litigation costs of $2,400.00. Fee App. 2. In petitioner's February 1, 2013 reply, petitioner requested $11,368.50 in attorneys' fees for the period of January 5, 2013 through February 1, 2013. Reply 26. On April 8, 2013, the undersigned issued a decision ("Decision") awarding petitioner $109,035.84, representing reimbursement for attorneys' fees and costs, and $2,400.00, representing reimbursement for petitioner's costs.

Petitioner filed a motion for reconsideration/clarification of the fees and costs decision on April 18, 2013.[2] On April 23, 2013, respondent filed a response to petitioner's motion for reconsideration ("Resp."). Petitioner filed a reply to respondent's response on April 26, 2013 ("Reply").[3] In petitioner's reply, petitioner requests $9,509.80 in attorneys' fees and costs for the period of April 9, 2013 through April 26, 2013. On May 6, 2013, the undersigned issued an Order granting in part and denying in part petitioner's motion for reconsideration. The undersigned denied petitioner's motion for reconsideration of petitioner's counsel's forum rate and the reasonableness of the time petitioner's counsel spent researching the viability of Medicare. Order 2-3. The undersigned granted petitioner's motion for reconsideration of the undersigned's finding that petitioner's counsel's communications with petitioner's life care planner were excessive and unreasonable. Id. at 3.

## II. Communications with Petitioner's Life Care Planner

Petitioner claims that all of petitioner's counsel's communications with petitioner's life care planner, Ms. Holakiewicz, were necessary and reasonable. Mot. for Reconsideration 4. The

---

[2] With his motion for reconsideration, petitioner filed three exhibits in support of his request. See Fee App., Ex. 31 (the Laffey Matrix ); Fee App., Ex. 32 (counsel's communications with petitioner's life care planner); Fee App., Ex. 33 (petitioner's counsel's billing invoices).

[3] With his reply, petitioner filed an exhibit in support of his request. See Fee App., Ex. 34 (petitioner's counsel's billing invoices).

undersigned found petitioner's counsel's hours billed for communication with petitioner's life care planner excessive and unreasonable and reduced the number of hours for which petitioner's counsel would be reimbursed by sixteen hours. Decision 6. Petitioner requests that the undersigned "articulate which specific communications were unnecessary." Id. at 6. Respondent responds that the court's decision to reduce the number of hours billed for petitioner's counsel's communication with the life care planner does not require clarification because special masters are not required to assess fee petitions line by line. Resp. 2. Petitioner replies that a 44% discount for petitioner's counsel's communications with the life care planner is unfair and unjust. Reply 8. Petitioner also asserts that there is some possible duplication in reductions in the decision for time counsel billed for Medicare depletion and time billed for communications with petitioner's life care planner regarding the viability of Medicare. Id. The undersigned reviewed Exhibit 32, which petitioner filed in support of his motion for reconsideration. Exhibit 32 documents the substance of each of petitioner's counsel's communications with petitioner's life care planner. Based on Exhibit 32, the undersigned finds that petitioner's counsel's communications with petitioner's life care planner were reasonable except for instances where counsel and petitioner's life care planner communicated about Medicare depletion. Petitioner's counsel communicated with petitioner's life care planner regarding Medicare depletion on April 24, 2012, April 25, 2012, May 1, 2012, May 2, 2012, and July 27, 2012. See Fee App., Ex. 32, at 2. In the April 8, 2013 decision, the undersigned reduced petitioner's counsel's fees by the appropriate amounts for work regarding Medicare depletion for April 25, 2012, May 1, 2012, May 2, 2012, and July 27, 2012. Decision 5; see Fee App., Ex. 32, at 2; Fee App., Ex. 2, at 29, 31, 42. There was no possible overlap in the decision for petitioner's telephonic conference with petitioner's life care planner on April 24, 2013. The undersigned finds petitioner's counsel's 0.4 hours of communication with petitioner's life care planner on April 24, 2013 to be unreasonable. After reviewing Exhibit 32, the undersigned finds that petitioner's counsel's request for reimbursement for 15.6 hours of petitioner's counsel's communication with petitioner's life care planner not dealing with the viability of Medicare that was previously disallowed to be reasonable. Accordingly, the undersigned **awards** petitioner **$5,538.00**, 15.6 hours at a rate of $355.00 per hour, for petitioner's counsel's communication with petitioner's life care planner.

### III. Fees for Fees

Respondent objects to petitioner's billing for work associated with filing petitioner's motion for reconsideration. Resp. 3. Petitioner requests $9,509.00 in attorneys' fees and $0.80 in costs for petitioner's counsel's work on petitioner's motion for reconsideration and reply. Reply 13; Fee App., Ex. 34, at 3. Respondent objects to petitioner's request as "yet another example of petitioner seeking 'fees for fees.'" Resp. 3. The undersigned finds petitioner's counsel's work on the motion for reconsideration and reply to be reasonable for activities related to the issue of counsel's communications with petitioner's life care planner. The undersigned finds research, discussions, and time billed for drafting and revising the portions of petitioner's filings related to petitioner's counsel's forum rate to be unreasonable.[4] Respondent states that

---

[4] On April 9, 2013, petitioner's counsel billed 0.6 hours for research regarding forum rates and 0.1 hours for computer research regarding the Laffey Matrix. On April 11, 2013, petitioner's counsel

petitioner's request for clarification of the forum rate is "somewhat puzzling," particularly given that petitioner's counsel was awarded the hourly rate she requested.  Resp. 1.  Petitioner's request for clarification and a higher rate are unreasonable because the undersigned awarded petitioner a reasonable forum rate, $355.00 per hour, that was based on the Federal Circuit's decision in Rodriguez v. Secretary of Health and Human Services, 632 F.3d 1381, 1383 (Fed. Cir. 2011).  Decision 4.  Petitioner needed no additional explanation or clarification.  Petitioner's fee request is **reduced** by 1.7 hours at the hourly rate of $355.00, or **$603.50**.  In addition, the undersigned finds research, discussions, and time billed for drafting and revising the portions of petitioner's filings related to petitioner's inquiry into the viability of Medicare to be unreasonable.[5]  Petitioner's line of inquiry is speculative and unreasonable due to the plain language of 42 U.S.C. § 300aa–15(g).  Petitioner's fee request is **reduced** by 0.6 hours at the hourly rate of $355.00, or **$213.00**.  Petitioner's counsel does not delineate the particular portions of counsel's filings for which counsel bills.  Petitioner's motion for reconsideration had three primary issues it addressed: the forum rate, petitioner's counsel's communications with petitioner's life care planner, and petitioner's counsel's work on Medicare depletion.  The undersigned finds petitioner's counsel's hours billed for drafting and revising the portions of petitioner's filings related to petitioner's counsel's forum rate and Medicare depletion, two of the three primary issues in petitioner's filings, to be unreasonable.  Petitioner's $4,615.00 fee request for time spent drafting and revising the motion for reconsideration and reply is **reduced** by two-thirds or **$3,076.67**.[6]  Accordingly, the undersigned awards petitioner **$5,615.83** for attorneys' fees and **$0.80** for costs for petitioner's counsel's work on petitioner's motion for reconsideration and reply.

## IV. Conclusion

In sum, the following tables contain the amounts of attorneys' fees and costs:

---

billed 1.0 hour for review of cases regarding forum rates and the Laffey Matrix.  Fee App., Ex. 34, at 1-2.  These entries add to 1.7 hours.

[5] On April 23, 2013, petitioner's counsel billed 0.3 hours for analyzing invoices pertaining to the number of hours spent on Medicare depletion issues.  On April 24, 2013, petitioner's counsel billed 0.3 hours for a telephonic conference with Liz Holakiewicz regarding Medicare depletion.  Fee App., Ex. 34, at 1-2.  These entries add to 0.6 hours.

[6] On April 16, 2013, petitioner's counsel billed 1.0 hour for drafting petitioner's motion for reconsideration.  On April 17, 2013, petitioner's counsel billed 2.8 hours to draft and begin revising petitioner's motion for reconsideration.  On April 18, 2013, petitioner's counsel billed 0.8 hours to revise petitioner's motion for reconsideration.  On April 23, 2013, petitioner's counsel billed 2.5 hours to draft petitioner's reply.  On April 24, 2013, petitioner's counsel billed 1.3 hours to draft petitioner's reply.  On April 25, 2013, petitioner's counsel billed 4.6 hours to draft, review, analyze, and revise petitioner's reply.  Fee App., Ex. 34, at 1-3.  These entries add to 13.0 hours.

| Table A: Total Attorneys' Fees and Costs | |
|---|---|
| Supplemental Award for Petitioner's Counsel's Communications with Petitioner's Life Care Planner | $5,538.00 |
| Supplemental Award for Petitioner's Counsel's Work on the Motion for Reconsideration and Reply | $5,615.83 |
| Attorneys' Fees Awarded April 8, 2013 | $70,534.50 |
| **Total Attorneys' Fees Awarded** | **$81,688.33** |
| | |
| Supplemental Award for Costs Associated with the Motion for Reconsideration and Reply | $0.80 |
| Attorneys' Costs Awarded April 8, 2013 | $290.70 |
| **Total Costs** | **$291.50** |
| | |
| **Fees & Costs Awarded for Life Care Planner** | **$38,210.64** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$120,190.47**[7] |

| Table B: Petitioner's Costs | |
|---|---|
| **Petitioner's Costs Awarded** | **$2,400.00** |

[7] This total is a sum of $81,688.33, $291.50 and $38,210.64.

The undersigned **VACATES** the award amount totals in the April 8, 2013 decision on attorneys' fees and costs. Order 4; see Decision 10. The undersigned finds the amounts herein to be reasonable and awards petitioner the following in attorneys' fees and costs:

a. **$120,190.47**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the Law Offices of Lisa A. Roquemore, in the amount of **$120,190.47**; and

b. **$2,400.00**, representing reimbursement for petitioner's costs. The award shall be in the form of a check for **$2,400.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]


**IT IS SO ORDERED.**


Dated: <u>May 6, 2013</u>                                          s/ Laura D. Millman
                                                                                   Laura D. Millman
                                                                                   Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.