# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-573V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ROGER GREEN, *Executor*, ESTATE          *
OF LINDA MAE GREEN,                       *
                                          *        Special Master Corcoran
                                          *
            Petitioner,                   *        Filed: October 4, 2018
                                          *
      v.                                  *
                                          *        Attorney's Fees and Costs.
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                                          *
            Respondent.                   *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.

*Daniel Principato*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 27, 2017, Roger Green filed a petition on behalf of Linda Mae Green seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that Ms. Green suffered from transverse myelitis ("TM"), ultimately leading to quadriplegia, respiratory failure, stroke, and death, as a result of her September 3, 2015 influenza

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

("flu") vaccine. The parties filed a stipulation for damages on April 20, 2018 (ECF No. 21), which I adopted as my Decision awarding damages on April 23, 2018 (ECF No. 22).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated August 27, 2018 (ECF No. 27) ("Fees App."), requesting reimbursement in the total amount of $26,825.85 (representing $25,439.50 in attorney's fees, plus $1,386.35 in costs). Fees App. at 1. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* Respondent reacted to the motion on September 10, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. ECF No. 28 at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$26,520.35.**

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for his attorneys: for Mr. Ed Kraus, $389.00 per hour for work performed in 2016, $398.00 per hour for work performed in 2017, and $409.00 per hour for work performed in 2018; for Ms. Amy Kraus, $318.00 per hour for work performed in 2017, and $327.00 per hour for work performed in 2018; and for Ms. Tara O'Mahoney, $275.00 per hour for work performed in 2016 and $281.00 per hour for work performed in 2017. Fees App. at 4-6. Petitioner also requests that paralegal work performed by Ms. Kraus be compensated at $125.00 per hour for 2016 and at $145.00 per hour for 2017-2018. *Id.*

The rates requested for the attorneys in this case are consistent with what they have been awarded in other Vaccine Program cases. *See Reilly v. Sec'y of Health & Human Servs.*, No. 09-489V, 2018 WL 4390496 (Fed. Cl. Spec. Mstr. July 30, 2018); *Balek v. Sec'y of Health & Human Servs.*, No. 15-750V, 2018 WL 4623167 (Fed. Cl. Spec. Mstr. July 25, 2018). Accordingly, no adjustment to the requested rates are necessary.

The hours spent on this matter require some minor adjustments. There are several entries in which Ms. Kraus bills, either entirely or in-part, for administrative work. One entry, on July 25, 2016, reads "Create exhibits" while entries on April 25, 2018, and May 1, 2018, read "File joint notice" and "File election" respectively. Fees App. at 4, 6. Additionally there are two entries from 2017 which read "Prepare and file exhibit" and "prepare NOF, Exhibit List, file exhibits" which make it unclear how much time Ms. Kraus spent on administrative tasks versus other tasks. Although Ms. Kraus billed for these tasks at paralegal rates (as opposed to her full attorney rate), the description of these tasks places them squarely within the realm of administrative work. It is well-settled that billing for administrative and/or clerical work is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (Cl. Ct. 1989); *Arranga v. Sec'y of Health & Human Servs.*, No. , 2018 WL 2770820, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Accordingly, I will reduce the award of attorneys' fees to reflect the improper billing of these tasks. The billing records indicate that counsel billed a total of $305.50 for these tasks. Fees App. at 4-6. Thus, Petitioner's award of attorneys' fees is reduced by **$305.50**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to

substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,386.35 in overall costs. Petitioner's costs, which are for medical record retrieval, postage, and the court's filing fee, are all costs typically incurred in Vaccine Program cases. Fees App. at 15. Petitioner has provided adequate documentation of these costs, and I shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$26,520.35** (representing $25,134.00 in attorney's fees and $1,386.35 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Ed Kraus, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.