# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-116V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
SARAH AMMONS, as mother and              *
natural guardian of minor, D.A., and     *
KRISTOPHER AMMONS, as father and         *
natural guardian of minor, D.A.,         *
                                         *
                                         *      Special Master Corcoran
                                         *
              Petitioner,                *      Filed: October 23, 2018
                                         *
       v.                                *
                                         *
                                         *      Attorney's Fees and Costs.
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                         *
                                         *
              Respondent.                *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 27, 2016, Sarah and Kristopher Ammons ("Petitioners") filed a petition on behalf of their deceased minor child, D.A., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners alleged that D.A. suffered from

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

febrile seizures that led to positioned asphyxia and death as a result of his July 11, 2014 childhood vaccinations (including Varicella, Tetanus-diphtheria-pertussis, and Measles-mumps-rubella). The parties filed a stipulation for damages on July 9, 2018 (ECF No. 46), which I adopted as my Decision awarding damages on the same day (ECF No. 47).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated August 27, 2018 (ECF No. 51) ("Fees App."), requesting reimbursement in the total amount of $48,380.10 (representing $29,993.00 in attorney's fees, plus $18,387.10 in costs). Fees App. at 4-5. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* at 4. Respondent reacted to the motion on August 28, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. ECF No. 52 at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$48,380.10**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates of compensation for his attorneys: for Mr. Jeffrey Pop, $400.00 per hour for work performed in 2015 and $420.00 per hour for work performed in 2016-2018; for Ms. Kristina Grigorian, $250.00 per hour for work performed in 2016-2018. Fees App. Ex. 1 at 2. Petitioner also requests that senior law clerk Thomas Hahn be compensated at $145.00 per hour and other law clerks be compensated at $125.00 per hour for all work performed regardless of year. *Id.*

The rates requested for the attorneys and law clerks in this case are consistent with what myself and other special masters have awarded Mr. Pop's firm for their work on Vaccine Program cases. *See Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2018); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment to the requested rates is necessary. Additionally, the overall hours spent on this matter (123.9) appear to be reasonable, and counsel successfully settled the case despite my concerns about the claim's ultimate viability. I have reviewed the submitted documentation and do not find any entries to be objectionable, and Respondent has not pointed to any particular entries as objectionable. Accordingly, based on the rates determined, I will award Petitioner a total of **$29,993.00** in attorney's fees.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners request $18,387.10 in overall costs. The majority of this amount is related to expert costs, most notably for retaining Dr. Lawrence Steinman to review the medical records and prepare an expert report. Fees App. Ex. 3 at 2. Dr. Steinman billed a total of 25.25 hours at $500.00 per hour for his work on this case. I have found that $500.00 per hour is a reasonable amount at which to compensate Dr. Steinman for his Vaccine Program work and thus will not adjust the requested rate here. *D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-85V, 2017 WL 5379195,

at *4 (Fed. Cl. Spec. Mstr. Sep. 19, 2017). Additionally, the amount of hours billed by Dr. Steinman appears to be reasonable. Petitioners will thus be compensated fully for the work performed by Dr. Steinman.

Next, Petitioners request a total of $3,500.00 for the work of their expert pathologist, Dr. Hannes Vogel. Dr. Vogel billed for 7.0 hours of work at a rate of $500.00 per hour, of which 3.0 hours was reviewing medical records, 2.0 hours was discussions with counsel, and 2.0 hours was preparation of an expert report. Fees App. Ex. 2 at 21, 27.

Awarding $500.00 per hour for expert work has been rare in the Vaccine Program, and has typically been reserved for experts who not only possess exemplary qualifications, but who are also highly experienced in Vaccine Program litigation. *See Rosof v. Sec'y of Health & Human Servs.*, No. 14-766V, 2017 WL 1649820, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *Emerson v. Sec'y of Health & Human Servs.*, No. 15-42V, 2018 WL 3433317, at *3 (Fed. Cl. Spec. Mstr. May 30, 2018). Because Dr. Vogel does not have demonstrated lengthy experience in the Program, I have some reluctance to award this hourly rate. However, Dr. Vogel no doubt has impressive credentials, and his work was instrumental in helping this case eventually reach a settlement agreement. Petitioners have also established that Dr. Vogel has performed medical legal consulting work for over 25 years, and has been compensated for this work at $500.00 per hour by other courts within the last five years. Fees App. Ex. 5 (ECF No. 55) at 2. Finally, the overall dollar amount billed for his time is, in my experience, reasonable given the expert assistance he provided.[4] Accordingly, I will award the total amount requested as compensation for Dr. Vogel.

Finally, Petitioners request a total of $545.20 for the expert work of Dr. Kurt Brandt. Dr. Brandt's invoice indicates that he billed 2.0 hours of work at $250.00 per hour (1 hour to review medical records and 1 hour to prepare a report) and $45.20 for FedEx charges. Fees App. Ex. 4 (ECF No. 54) at 1. I find both the rate and hours worked by Dr. Brandt to be reasonable, and shall reimburse this amount in full.

The remainder of Petitioners' costs, which are for medical record retrieval, postage, and the court's filing fee, are all costs typically incurred in Vaccine Program Cases. Fees App. Ex. 2 at 2. Petitioners have provided adequate documentation of these costs, and I shall award them in full. In sum, Petitioners are entitled to total costs of **$18,387.10**.

---

[4] I note that of all these reasons, I am most persuaded to compensate Dr. Vogel's work in full because the total dollar amount is reasonable in light of the work performed. I reserve the right to re-examine Dr. Vogel's hourly rate in future cases in light of the work performed in that particular case.

4

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$48,380.10** (representing $29,993.00 in attorney's fees and $18,387.10 in costs) as a lump sum in the form of a check jointly payable to Petitioners and their counsel, Mr. Jeffrey Pop, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.