# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1228V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JENNIFER L. RATZLAFF,              *
                                   *          Special Master Corcoran
                                   *
              Petitioner,          *          Filed: August 22, 2019
                                   *
       v.                          *
                                   *          Attorney's Fees and Costs.
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.

*Christine Mary Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 29, 2016, Jennifer L. Ratzlaff filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of her October 31, 2013 tetanus-diphtheria-acellular pertussis vaccine. The parties filed a stipulation for award on November 15, 2018, which I adopted as my Decision awarding damages on the same day. (ECF No. 30).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated May 6, 2019 (ECF No. 35) ("Fees App."), requesting a total award of $72,350.56 (representing (a) $42,751.00 in fees, plus $8,685.20 in costs to Ward Black Law; and (b) $20,482.80 in attorney's fees and costs, representing $19,122.00 in fees and $1,360.80 in costs, to the Law Office of Lisa A. Roquemore, co-counsel on the case). Fees App. at 1-2. In addition, pursuant to General Order No. 9, Petitioner warrants that she personally incurred $431.56 costs in pursuit of this litigation. *Id*. Respondent reacted to the motion on May 20, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 36, at 2-3. Petitioner filed a reply on May 21, 2019, stating that she concurs with Respondent's recommendation that I exercise my discretion in awarding attorney's fees and costs. Reply, ECF No. 37, at 1.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$71,361.51**.[3]

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[4] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered

---

[3] This amount includes costs incurred personally by Petitioner.

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates of compensation for her attorneys: for Nancy Meyers, $350.00 per hour for work performed in 2016-2017, $375.00 per hour for work performed in 2018, and $390.00 per hour for work performed in 2019; and for her paralegals, $145.00 per hour. For Lisa Roquemore, Petitioner requests $409.00 per hour for work performed in 2018, and $138 per hour for performed by her paralegal in 2018. Fees App. at 32-46. These rates are consistent with what I and other special masters have awarded Ms. Meyers and Ms. Roquemore and their respective staff for work performed over the respective years, and is also consistent with the Office of Special Masters' fee schedule.[5] *See Stewart v. Sec'y of Health & Human Servs.*, No. 16-1336, 2017 WL 5398069 (Fed. Cl. Spec. Mstr. Sept. 5, 2017); *Kukreja v. Sec'y of Health & Human Servs.*, No. 14-0104, 2017 WL 5383097, at *2 (Fed. Cl. Spec. Mstr. Sept. 5, 2017) *aff'd in part, rev'd in part*, 136 Fed. Cl. 431 (2017). Accordingly, no adjustment to the requested rates is necessary.

Minor issues with the hours expended on this matter, however, necessitate a small reduction in the total amount of fees awarded. Ms. Meyers and her paralegal billed for time considered in the Program to constitute non-reimbursable overhead or administrative work, such as receipt, review and payment of invoices (entries on 6/7/18, 6/19/18, 6/22/18, 10/4/18, etc.) resulting in a reduction of $110.00. Ms. Meyers and her paralegal also billed a total of 1.9 hours to make travel arrangements to the hearing for Petitioner's expert and for Ms. Roquemore (entries on 7/15/18, 7/16/18, 7/17/18, 7/19/18, 8/16/18,8/20/18, 10/24/18, etc.) resulting in a reduction of $459.50. Likewise, Ms. Roquemore's paralegal billed 2 hours for "researching flight options" and drafting a corresponding memorandum to Ms. Roquemore (2 hours billed for a total of $276.00). In turn, Ms. Roquemore billed 0.3 hours to review the paralegal's memo on the flight options (0.3 hours billed for a total of $122.70). These are all considered administrative costs and will not be compensated. To correct for these entries, I will reduce the final fees award by **$968.20**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable.

---

[5] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $8,685.20 in overall costs for Ms. Meyers and $1,360.80 in costs for Ms. Roquemore. Fees App at 3-4. This amount is comprised of obtaining medical records, postage charges, expert costs, and the Court's filing fee, which were incurred by Ms. Meyers' firm, and photocopy costs incurred by Ms. Roquemore's firm. Fees App. at 20. I have reviewed all of the requested costs and find them to be reasonable, with one exception. Petitioner billed for $62.14 of costs for express mail, while the corresponding receipt only shows an expenditure of $41.29. Accordingly, a deduction of **$20.85** is appropriate. Petitioner is therefore entitled to final attorney's costs of **$8,664.35** for Ms. Meyers' firm and the full amount sought for Ms. Roquemore's firm.

Finally, pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $431.56 for airfare to attend the entitlement hearing originally scheduled for December 3, 2018. While the matter was resolved before the scheduled hearing thereby obviating petitioner's need to travel to Washington, D.C., petitioner notes that her airfare was non-refundable and that she was not given any credit for her flight upon cancellation. I therefore find it reasonable to reimburse Petitioner for her ultimately unused airfare.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

1) **$70,929.95, representing reimbursement for Petitioner's attorney's fees and costs, in the form of a check payable jointly to Petitioner and Ms. Nancy Meyers, Esq. (the sums specifically payable to Ms. Roquemore are included in this amount); and**

2) **$431.56, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.