# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0462V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| JANE ELISE DELZER, | * | |
| | * | |
| Petitioner, | * | Filed: March 29, 2019 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs; |
| SECRETARY OF HEALTH | * | Dismissal of Petition; Vaccine Act; |
| AND HUMAN SERVICES, | * | Six Month Severity Requirement |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

*Joseph Michael Russell,* Von Briesen & Roper, S.C., Milwaukee, WI, for Petitioner.

*Justine E. Walters,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 31, 2017, Jane Elise Delzer filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that the influenza ("flu") vaccine she received on October 27, 2014, caused her to suffer from a left shoulder injury related to vaccine administration ("SIRVA"). *See* Petition ("Pet.") (ECF No. 1) at 1. Although Petitioner was able to establish the fact of vaccination as well as an injury that was at least arguably SIRVA, she could not substantiate the Act's six-months severity requirement (Section 13(a)(1)(A)), and therefore

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

after the briefing of the issue the claim was dismissed. *See* Decision, dated January 18, 2019 (ECF No. 38).

Petitioner has now filed a motion seeking a final award of attorney's fees and costs. Motion, dated Mar. 13, 2019 (ECF No. 41) ("Fees Mot."). In it, she requests a total award of $27,896.52, reflecting attorney's fees in the total amount of $27,601.00, plus $295.52 in litigation costs. Fees Mot. at 1; Ex. B to Fees App. at 2, 6. Petitioner has not represented that she incurred any individual costs associated with the claim's prosecution. *See generally* Fees Mot.[3] Respondent reacted to the final fees motion on March 15, 2019, indicating that a fees award was statutorily appropriate and otherwise deferring the calculation of a reasonable award to my discretion. Response, filed Mar. 15, 2019 (ECF No. 43) at 2-3.

Although only prevailing petitioners are entitled to a reasonable award of attorney's fees and costs as a matter of right (Section 15(e)), unsuccessful petitioners may obtain a fees award if they establish a claim's "reasonable basis." I have in many cases discussed the legal standard for assessing whether an unsuccessful Vaccine Act claim possessed sufficient reasonable basis. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." Although the nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, has some bearing on the analysis (*see, e.g., Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014)), at bottom (as the Federal Circuit recently emphasized) reasonable basis is established by objective proof for the claim. *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 636 (Fed. Cir. 2017).

Although Respondent has not raised a reasonable basis objection, I find that the case was supported by objective proof sufficient to meet this criterion for a fees award. It was not in dispute that Petitioner received the flu vaccine, and also experienced an injury that could credibly have been deemed SIRVA. Although Petitioner was unable to substantiate that her injury and/or sequelae extended six months from onset, it was conceivable that she could have made such an evidentiary showing, even if the record did not support the claim (and I do not find that the medical record *rebutted* this contention, even if it did not support it). Accordingly, Petitioner's counsel is entitled to fees in this case.

---

[3] Although Petitioner has not represented that she incurred personal costs associated with this matter, counsel did not file the General Order No. 9 (the physical form required to affirm this statement). I therefore deem Petitioner to have waived any additional costs not otherwise awarded herein.

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

In the present matter, I find that Petitioner should receive the full sum requested. First, the rates requested for the Von Briesen firm, located in Milwaukee, Wisconsin (which is deemed "in forum" in the Program), are consistent both with the Office of Special Masters's Forum Rate Schedule as well as what similarly situated lawyers have received in other cases. *See* Office of Special Masters Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last accessed on March 29, 2019); *Voss v. Sec'y of Health & Human Servs.*, No. 16-1005V, 2017 WL 3623704 (Fed. Cl. Spec. Mstr. July 26, 2017) (awarding Milwaukee, Wisconsin firm forum rates); *Manning v. Sec'y of Health & Human Servs.*, No. 14-753V, 2016 WL 4527582 (Fed. Cl. Spec. Mstr. July 29, 2016) (same). Mr. Russell's requested rates ($310 per hour for 2016 and $330 per hour for 2017-2019) are similarly consistent with those awarded to him in past cases.[5] *See Melgares v. Sec'y of Health & Human Servs.*, No. 16-0470V, slip op. (Fed. Cl. Spec. Mstr. May 10, 2017) (awarding Mr. Russell a rate of $310 per hour for 2015-2016). The total time billed to

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

[5] I also find Mr. Russell's increased rate of $330 per hour for 2017-2019 to be reasonable and in accordance with the Office of Special Masters's rate chart. It is otherwise not inconsistent with the producer price index for the office of lawyers ("PPI-OL") in the aggregate, and I see no other reason to make any adjustment to this rate.

the matter was also reasonably incurred. Second, the costs requested (which include medical record requests) are also reasonable and will be awarded.[6]

I therefore approve a final award of fees and costs, in the total amount of **$28,296.52**, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Joseph Russell, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Of note, counsel's motion did not request the usual $400 filing fee incurred in all Vaccine Program cases. *See generally* Ex. B to Fees Mot. I will, however, include this amount in Petitioner's final award (as it is a typical reimbursable cost associated with Program litigation), for a total costs award of $695.52.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.