# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-634V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
WEI-TI CHEN,                         *
                                     *              Special Master Corcoran
                 Petitioner,         *
                                     *              Dated: May 8, 2019
v.                                   *
                                     *              Attorney's Fees and Costs
                                     *
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
                 Respondent.         *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*John R. Howie, Jr.*, Howie Law, PC, Dallas, TX, for Petitioner.

*Christine M. Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On May 27, 2016, Wei-Ti Chen filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she developed neuromyelitis optica spectrum disorder as a result of receiving the influenza vaccine on November 1, 2013. Petition ("Pet.") (ECF No. 1) at 1. I issued a decision denying entitlement on April 19, 2019 (ECF No. 51). The parties thereafter filed a joint notice on April 25, 2019, indicating Petitioner would not seek review of my decision. *See* ECF No. 52.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion seeking a final award of attorney's fees and costs. *See* Motion, dated January 23, 2019 (ECF No. 48) ("Fees Mot.").[3] In it, she requests a total award of $122,488.83, reflecting attorney's fees in the total amount of $116,561.60, plus $5,927.23 in litigation costs. Fees Mot. at 5. Petitioner has also represented that she incurred no individual costs associated with the claim's prosecution. Ex. 5 to Fees Mot. at 1 (General Order No. 9 Statement). Respondent reacted to the fees motion on February 6, 2019, indicating that a fees award was statutorily appropriate, and otherwise deferring the calculation of a reasonable award to my discretion. *See* Response, filed February 6, 2019 (ECF No. 49) at 2-3.

Although only prevailing petitioners are entitled to a reasonable award of attorney's fees and costs as a matter of right (Section 15(e)), unsuccessful petitioners may also obtain a fees award if they establish a claim's "reasonable basis." I have in many cases discussed the legal standard for assessing whether an unsuccessful Vaccine Act claim possessed sufficient reasonable basis. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." Although the nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, has some bearing on the analysis (*see, e.g., Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014)), at bottom (as the Federal Circuit recently emphasized) reasonable basis is established by objective proof for the claim. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

Respondent has not raised a reasonable basis objection, but I nevertheless find that the case was supported by objective proof sufficient to meet this initial criterion for a fees award. It was not in dispute that Petitioner received the influenza vaccine, and also experienced an injury that could arguably have been deemed vaccine-related. Although Petitioner was unable to substantiate that her injury preponderantly satisfied the *Althen* prongs, her evidentiary showing revealed objective evidence supporting the claim. Accordingly, Petitioner's counsel is entitled to fees in this case.

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably

---

[3] I take note of the fact that counsel's motion originally requested a fees and costs award on an interim basis. *See generally* Motion, dated January 23, 2019 (ECF No. 48). Given the disposition of the case to date and my issuance of an entitlement decision on the matter, however, I will interpret the motion as a final request.

expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

In the present matter, I find that Petitioner should receive the full sum requested. The rates requested for the Howie firm, located in Dallas, Texas (which is deemed "in forum" in the Program), are consistent both with the Office of Special Masters's Forum Rate Schedule as well as what similarly situated lawyers have received in other cases. *See* Office of Special Masters Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last accessed on May 7, 2019); *Foxx v. Sec'y of Health & Human Servs.*, No. 15-670V, 2016 WL 7785861 (Fed. Cl. Spec. Mstr. Dec. 21, 2016) (awarding Dallas, Texas firm forum rates), *Tieu Binh Le v. Sec'y of Health & Human Servs.*, No. 07-895V, 2014 WL 4177732 (Fed. Cl. Spec. Mstr. July 31, 2014) (same); *Whitener v. Sec'y of Health & Human Servs.*, No. 06-895V, 2011 WL 1467919 (Fed. Cl. Spec. Mstr. Mar. 25, 2011) (same). They are similarly consistent with those awarded to the Howie firm in my past cases and those of other special masters. *See e.g.*, *Menard v. Sec'y of Health & Human Servs.*, No. 17-985V, 2018 WL 6382048 (Fed Cl. Spec. Mstr. Oct. 5, 2018); *Andrews v. Sec'y of Health & Human Servs.*, No. 17-331V, slip op. (Fed. Cl. Spec. Mstr. June 8, 2018); *Villa v. Sec'y of Health & Human Servs.*, No. 16-296V, 2017 WL 5379435 (Fed. Cl. Spec. Mstr. Oct. 10, 2017).

In addition, based on my review of the billing log filed with the fees application, the total time billed to the matter appears to be reasonably incurred, and counsel appears to have acted wisely in allocating time to develop the claim. And the costs requested (which include medical

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

record requests, the filing fee, photocopy and postage charges, and expert witness consult fees[5]) are reasonable and will similarly be awarded in full. *See* Ex. 3 to Fees Mot. at 1-2.

I therefore approve a final award of attorney's fees and costs, in the total amount of **$122,488.83**, in the form of a check payable jointly to Petitioner and Petitioner's counsel, John Howie, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Petitioner requests $4,689.00 for referral fees and hourly review work completed by two experts (Dr. Michael Pulley and Dr. Derrick Smith) both of whom counsel obtained to review Petitioner's claim but (presumably) did not offer an opinion in the matter (as no expert report or opinion was filed by either of the above-noted individuals). *See* Ex. 3 to Fees Mot. at 1-2. Although Petitioner did not file a report from either Dr. Pulley or Dr. Smith, I find the consult reviews to be reasonably incurred in attempts to further resolve the matter before me. Of note, Petitioner is not requesting expert fees for the written reports offered by her treating neurologist (Dr. Kon-Ping Lin). *See* Fees Mot. at 12-13.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.