# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 22-312V
(Filed: July 8, 2025*)

|  |  |
|---|---|
| **BARBARA CASTELEIN**, | ) |
| *Petitioner*, | ) |
| v. | ) |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | ) |
| *Respondent.* | ) |

*Jeffrey A. Krawitz*, Stark & Stark, P.C, Princeton, NJ, for petitioner.

*James V. Lopez*, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for respondent. With him on the briefs were *Brett A. Shumate*, Assistant Attorney General, and *C. Salvatore D'Alessio*, Director, *Heather L. Pearlman*, Deputy Director, and *Traci R. Patton*, Assistant Director, Torts Branch, Civil Division, U.S. Department of Justice.

## ORDER ON MOTION FOR REVIEW

***BONILLA, Judge***.

This matter is before the Court on a limited motion for review of the attorney's fees and costs awarded by the Office of Special Masters (OSM) under the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), 42 U.S.C. § 300aa-15(e)(1)(B). Entitlement to compensation was conceded and the award of $115,000 in damages was stipulated without litigation. ECF 24, 32. On April 21, 2025, OSM awarded attorney's fees and costs in the aggregate amount of $23,467.40. ECF 39. This amount was $11,702.18 less than petitioner requested:

---

* This decision was initially filed under seal on June 20, 2025, in accordance with Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims, to allow the parties to propose redactions based upon privacy concerns. No proposed redactions were filed.

| Description | Request | Award | Delta |
|---|---|---|---|
| Attorney's Fees | $29,520.00 | $21,056.00[1] | $ 8,464.00 |
| Paralegal's Fees | $ 2,324.60 | $ 2,009.40[2] | $ 315.20 |
| Costs (including interest) | $ 3,324.98 | $ 402.00 | $ 2,922.98 |
| Total | $35,169.58 | $23,467.40 | $11,702.18 |

*Compare* ECF 37 (application for attorney's fees and costs), *with* ECF 39 (OSM decision on attorney's fees and costs). Petitioner's challenge is limited to two issues: OSM's reduction of the proffered hourly attorney rate from $615 to $470, and the disallowance of certain claimed costs.[3]

Reasonable attorney's fees under the Vaccine Act are calculated using the lodestar approach: multiplying a reasonable hourly rate by a reasonable number of expended hours. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). In determining the reasonable hourly rate to be awarded in this case, OSM compared counsel's proffered uniform rate of $615 with the OSM Hourly Rate Fee Schedule for attorneys with similar years of legal experience—ranging from $455 to $525 for the period 2021 to 2022, and then $495 to $584 for the 2023 to 2024 timeframe.[4] Of note, roughly three-fourths of the attorney time billed to this case occurred prior to 2023. OSM then duly weighed counsel's near four-decade career as a licensed attorney against the fact that this was his first Vaccine Act case. That metric led OSM to award a uniform averaged hourly rate at the low end of, and slightly below, the maximum forum rate bands.

---

[1] Petitioner claimed 48 attorney hours at an hourly rate of $615 for a total of $29,520. OSM reduced the number of hours by 3.2 hours, finding 1.4 hours more appropriately billed as paralegal work and concluding that an additional 1.8 hours involved non-compensable tasks. After backing out the 3.2 hours and reducing the hourly attorney rate to $470, discussed *infra*, OSM awarded $21,056 in attorney's fees (44.8 hours x $470 rate = $21,056).

[2] In reverse engineering OSM's calculations, there appears to be a $261 calculation error in the award of paralegal's fees. Petitioner claimed 11.8 paralegal hours at an hourly rate of $197 for a total of $2,324.60. Adding the 1.4 hours improperly billed as attorney hours, while reducing the hourly paralegal rate to $172, nets a total award of $2,270.40 in paralegal's fees (13.2 hours x $172 rate = $2,270.40). When added to the attorney's fees calculated *supra*, the aggregate amount is $23,326.40 in total fees ($21,056 + $2,270.40 = $23,326.40). OSM's combined fees award is $23,065.40.

[3] Petitioner does not challenge the modest reallocation of attorney to paralegal work (1.4 hours), the reduction for time spent on general administrative and clerical tasks (1.8 hours), or the $25 reduction to the proffered paralegal's hourly rate from $197 to $172. Petitioner also concedes the improper inclusion of over $600 in claimed interest as litigation costs, discussed *infra*.

[4] For completeness, the OSM Hourly Rate Fee Schedule for 2020 ranged from $433 to $484 for attorneys with over thirty-one years of experience. According to counsel's time sheets, he billed 6.5 hours to this case in 2020.

OSM's reliance upon these factors in determining the appropriate hourly rate in this case falls squarely "within the bounds of reasonableness" and "wide discretion" afforded by this Court on review. *See Garrison v. Sec'y of Health & Hum. Servs.*, 128 Fed. Cl. 99, 107 (2016) (discussing reasonableness of applying the OSM Hourly Rate Fee Schedule, further taking into account such additional factors as "the special master's judgment of the attorneys' years of experience in practice *and in the Vaccine Program in particular . . . .*") (emphasis added); *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The special master is afforded wide discretion in determining the reasonableness of costs, as well as attorneys' fees."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner fails to demonstrate otherwise. Indeed, petitioner's reliance upon the hourly rates included in the Unites States Attorney's Office (USAO) Attorney's Fees Matrix—derived from the "Laffey Matrix"[5]—is misplaced. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384–85 (Fed. Cir. 2011) (rejecting application of Laffey Matrix in Vaccine Act cases), *cited in Scharfenberger v. Sec'y of Health & Hum. Servs.*, 124 Fed. Cl. 225, 233 (2015) ("The Special Master correctly found that *Rodriguez* 'primarily held that *Laffey* should not be used to calculate fees for Vaccine Program cases, as these cases differ significantly from the complex federal litigation for which *Laffey* was designed.'") (citation omitted).

Petitioner's challenge to the reduction in claimed litigation costs and expenses fares no better. The bases for OSM's decision were two-fold: the now-conceded improper demand for interest, and petitioner's failure to present documentation sufficiently evidencing the claimed expenses were in fact incurred (e.g., invoices, receipts). *See Raymo v. Sec'y of Health & Human. Servs.*, 129 Fed. Cl. 691, 706 (2016) (discussing "no-interest rule"); Guidance for Practice Under the National Vaccine Injury Compensation Program at 74 (Mar. 3, 2025) ("Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided.").[6] Neglecting to properly research these issues and comply with published OSM guidance underscores the reasonableness of the hourly rates awarded. Critically, in seeking review of the cost reimbursement decision, petitioner does not challenge OSM's assessment that the documentation presented was insufficient. Instead, petitioner offers a reduced cost reimbursement claim based upon a new proffer and a new documentary record. Because these submissions were not presented to OSM, they are not properly before this Court on a motion for review. *See* RCFC App'x B, Vaccine Rule 8(f)(1) ("Any fact or argument not raised specifically in the record before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision."); *e.g., Bello v. Sec'y of Health & Human. Servs.*, 158 Fed. Cl. 734, 749–50 (2022).

---

[5] *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984).

[6] *Available at* https://perma.cc/LT9D-SCPJ (last visited June 20, 2025).

For the foregoing reasons,

(1) Petitioner's motion for review (ECF 40) is **DENIED**;

(2) OSM's decision awarding attorney's fees and costs (ECF 39) is **AFFIRMED-IN-PART and VACATED-IN-PART**; and

(3) Petitioner is **AWARDED** a total of **$23,728.40** in reasonable attorney's fees and costs.[7]  The Clerk of Court is directed to **ENTER** judgment accordingly.

It is so **ORDERED**.

Armando O. Bonilla
Judge

---

[7] No additional attorney's fees are warranted in connection with the motion for review which is the subject of this order.  The adjusted award entered today—adding $261 to the attorney's fees and costs awarded by OSM—is due solely to a trivial issue noticed and resolved *sua sponte* by the Court in reviewing the underlying OSM calculations.  The issue was not raised or addressed by petitioner.