NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILBERT L. TOWNSEND, SR.,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2024-1740

---

Appeal from the United States Court of Federal Claims in No. 1:14-vv-00266-ZNS, Judge Zachary N. Somers.

---

Decided:  March 2, 2026

---

AMIT KUMAR SHARMA, AKS Law, LLC, Potomac, MD, for petitioner-appellant.

RYAN D. PYLES, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, C. SALVATORE D'ALESSIO, LARA A. ENGLUND, HEATHER LYNN PEARLMAN.

---

Before DYK, STOLL, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Wilbert L. Townsend appeals a judgment and decision of the United States Court of Federal Claims, denying Mr. Townsend's motion for review and sustaining the Special Master's decision denying Mr. Townsend's claim for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa–10 to –34 ("Vaccine Act"). J.A. 1; *Townsend v. Sec'y of Health & Hum. Servs.*, 170 Fed. Cl. 130, 135, 146 (2024) ("*Decision*"); *Townsend v. Sec'y of Health & Hum. Servs.*, No. 14-266V, 2023 WL 6212496, at *31 (Fed. Cl. Spec. Mstr. Aug. 29, 2023) ("*Special Master Decision*"). For the reasons discussed below, we *affirm*.

## I. BACKGROUND

On October 4, 2011, Mr. Townsend received an influenza vaccination. *Decision* at 135. In mid-November, Mr. Townsend went to urgent care for hand tremors, sharp bilateral ear pain, a lingering cough, and a progressively worsening sore throat, which suggested an upper respiratory infection. *Id.* Mr. Townsend later experienced symptoms such as numbness in arms, neck pain, and trouble walking and sought medical care over the next months. *Id.* at 135–36. After examination by neurologists and magnetic resonance imaging showing lesions in the brain and on the spine, Mr. Townsend was diagnosed with multiple sclerosis ("MS") in 2012. *Id.*

On April 7, 2014, Mr. Townsend filed a petition for compensation under the Vaccine Act, alleging that receiving the influenza vaccine caused him to develop MS. *Special Master Decision* at *1; J.A. 57. A petitioner seeking compensation for an injury not listed in the Vaccine Injury

Table[1] must prove, by a preponderance of the evidence, the vaccination actually caused his injury by presenting: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005); 42 U.S.C. § 300aa–11(c)(1)(C)(ii)(I).

As to *Althen* prong one, Mr. Townsend's expert witness, Dr. Rosenspire, advanced a theory that viral infections can cause MS based on "molecular mimicry," which is the "sharing of molecular structures between genetically different organisms that occurs when peptides from a pathogen share sequences or structural similarities of proteins of the pathogen's host." *Special Master Decision* at *7 (cleaned up). In support of this theory, Dr. Rosenspire cited an article, which explained that molecular mimicry was one theory of causation for MS but that "no one virus has ever been demonstrated to be the cause of MS" and "molecular mimicry alone may not be able to induce" the development of MS. *Id.* at *8 (cleaned up). Dr. Samuels, another expert witness for Mr. Townsend, admitted that "epidemiology studies indicate that it is unlikely there is a relationship between the [influenza] vaccine and MS." *Id.* at *14. Dr. Tompkins and Dr. Alexander, expert witnesses on behalf of the Secretary of Health and Human Services, explained that a significant body of data shows no association between the flu vaccine and MS and that the cause of MS is unknown. *Id.* at *16, *20.

With respect to *Althen* prong two, Dr. Rosenspire and Dr. Samuels opined that it was more likely than not that the flu vaccine was a substantial factor in causing or

---

[1]    It is undisputed that this is an off-Table case. 42 C.F.R. § 100.3; Appellant's Br. 1; Appellee's Br. 1.

caused Mr. Townsend's MS, considering factors such as Mr. Townsend's age and that his MS was late onset. *Id.* at *11–12, *14. Dr. Tompkins and Dr. Alexander disagreed, and Dr. Tompkins concluded that Mr. Townsend's upper respiratory infection was more likely to have caused his MS than the influenza vaccination. *Id.* at *19, *21–22.

The Special Master found that Mr. Townsend "failed to provide preponderant evidence of a sound and reliable theory" as required by *Althen* prong one. *Id.* at *24. The Special Master found that Mr. Townsend's theories were "speculative" or "conclusory in nature." *Id.* at *27. The Special Master stated that the medical literature did not show that "more likely than not, the flu vaccine can cause MS." *Id.* at *24. The Special Master further indicated that analogies made to dissimilar diseases were not persuasive evidence that the influenza vaccine can cause MS. *Id.* at *26. The Special Master also considered that Special Masters have denied entitlement in other Vaccine Act cases regarding whether influenza vaccinations can aggravate or cause MS via molecular mimicry. *Id.* at *27 (citing *W.C. v. Sec'y of Health & Hum. Servs.*, 704 F.3d 1352, 1354–55 (Fed. Cir. 2013)).

The Special Master further found that Mr. Townsend "failed to provide preponderant evidence of a logical sequence of cause and effect to satisfy his burden under *Althen* prong two." *Id.* at *30. The Special Master found that there was evidence of another possible cause of MS, Mr. Townsend's upper respiratory infection, along with a lack of evidence that the influenza vaccine can cause MS. *Id.* Although the Special Master found that Mr. Townsend had "provided preponderant evidence satisfying *Althen* prong three," she found that Mr. Townsend had "failed to establish by preponderant evidence that his flu vaccination caused his MS." *Id.* at *31. The Special Master denied compensation and dismissed the petition. *Id.* The Court of Federal Claims denied Mr. Townsend's motion for review

and sustained the Special Master's decision denying compensation. *Decision* at 146.

Mr. Townsend timely appealed to this court. We have jurisdiction under 42 U.S.C. § 300aa–12(f).

## II.  DISCUSSION

"In Vaccine Act cases, we review the [Court of Federal Claims's] decision *de novo*, applying the same standard of review as the Court of Federal Claims applied to its review of the [S]pecial [M]aster's decision." *Dupuch-Carron v. Sec'y of Health & Hum. Servs.*, 969 F.3d 1318, 1324 (Fed. Cir. 2020) (cleaned up). We review "a decision of the [S]pecial [M]aster under the same standard as the Court of Federal Claims and determine[] if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1383–84 (Fed. Cir. 2011) (cleaned up); *see* 42 U.S.C. § 300aa–12(e)(2)(B). "While review of the factual findings made by a [S]pecial [M]aster is highly deferential, both this court and the Court of Federal Claims have a duty to ensure that the [S]pecial [M]aster has properly applied Vaccine Act evidentiary standards, considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for [her] decision." *Paluck v. Sec'y of Health & Hum. Servs.*, 786 F.3d 1373, 1380 (Fed. Cir. 2015) (cleaned up).

### A.

Mr. Townsend argues that the Special Master improperly "elevated [Mr. Townsend's] burden of proof for establishing that there is a plausible theory that causally connects [his] vaccination and his MS" and that the theory of molecular mimicry satisfied *Althen* prong one. Appellant's Br. 22–23. We disagree.

The Special Master did not err in stating that *Althen* prong one required "preponderant evidence of a sound and reliable theory." *Special Master Decision* at *24. Here, the

Special Master accurately cited the *Althen* prong one standard: "A petitioner must provide a reputable medical or scientific explanation for [his] theory. While it does not require medical or scientific certainty, it must still be sound and reliable." *Boatmon v. Sec'y of Health & Hum. Servs.*, 941 F.3d 1351, 1359 (Fed. Cir. 2019) (cleaned up). As we previously explained, the "petitioner must do more than demonstrate a 'plausible' or 'possible' causal link between the vaccination and the injury; he must prove his case by a preponderance of the evidence." *W.C.*, 704 F.3d at 1356. Accordingly, the Special Master did not err in her application of the burden of proof.

Additionally, the Special Master's application of *Althen* prong one was not arbitrary and capricious. For example, Dr. Rosenspire acknowledged, *Special Master Decision* at *24, and the "literature filed by the parties is replete with statements that the cause of MS is not known." *Id.* at *25. After assessing the evidence, the Special Master found that the evidence did not weigh in Mr. Townsend's favor because of the lack of "medical literature or any other evidence to show that more likely than not, the [influenza] vaccine can cause MS or that it causes MS via molecular mimicry and/or bystander activation." *Id.* at *24. The Special Master properly considered the evidence in the record to conclude that the evidence did not weigh in Mr. Townsend's favor. *See Moberly ex rel. Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1326 (Fed. Cir. 2010) ("Finders of fact are entitled—indeed, expected—to make determinations as to the reliability of the evidence presented to them and, if appropriate, as to the credibility of the persons presenting that evidence."). Accordingly, the Special Master did not err in considering the evidence and making such an assessment, and the Court of Federal Claims did not err in sustaining the Special Master's assessment. *See W.C.*, 704 F.3d at 1360 (explaining that the Special Master "found that molecular mimicry is a well-regarded theory in some contexts, but correctly required

additional evidence showing that molecular mimicry can cause the influenza vaccine to significantly aggravate [MS]" (cleaned up)).

B.

Mr. Townsend argues that the Special Master's error at *Althen* prong one taints the prong two analysis. Appellant's Br. 25. As we conclude that there is no error at prong one, we disagree. Additionally, Mr. Townsend argues that the Special Master erred by failing to address the *Althen* burden of proof standard of "logical sequence of cause and effect showing that the vaccination was the reason for the injury." *Id.* (quoting *Althen*, 418 F.3d at 1278). Here too, we disagree.

The Special Master did not err in analyzing *Althen* prong two. Under prong two, a petitioner must show that the vaccine was the "'but for' cause of the harm . . . or in other words, that the vaccine was the 'reason for the injury' as stated in the second prong of the *Althen* test." *Pafford v. Sec'y of Health & Hum. Servs.*, 451 F.3d 1352, 1356 (Fed. Cir. 2006). Mr. Townsend's argument that he received "the vaccine and shortly thereafter exhibited symptoms of MS" amounts to an argument that we have rejected—"that proof that an injury could be caused by a vaccine and that the injury occurred within an appropriate period of time following the vaccination is sufficient to require an award of compensation unless the respondent can prove some other cause for the injury." Appellant's Br. 25; *Hibbard v. Sec'y of Health & Hum. Servs.*, 698 F.3d 1355, 1366 (Fed. Cir. 2012). Additionally, the Special Master did not err by "consider[ing] the record as a whole in determining causation, especially in a case involving multiple potential causes acting in concert" and determining that, based on the record and the opinion of Dr. Tompkins, there was evidence of another possible cause of MS—the upper respiratory infection. *Stone v. Sec'y of Health & Hum. Servs.*, 676 F.3d 1373, 1380 (Fed. Cir. 2012); *Special Master*

*Decision* at \*29–30.  Accordingly, we conclude that the Special Master did not err in her analysis of *Althen* prong two, and the Court of Federal Claims did not err in sustaining the Special Master's decision.

### III. CONCLUSION

We have considered Mr. Townsend's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm*.

### AFFIRMED

### COSTS

No costs.